UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS JOSEPH DELEON, SR.,

       Plaintiff,                             Hon. Robert J. Jonker

v.                                                  Case No. 1:22-cv-903

TEAMSTERS LOCAL 406, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' motions to dismiss. (ECF No. 47, 49, 71, 72). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions all be granted and this action terminated.

## BACKGROUND

Plaintiff asserts this action against: (1) Teamsters Local 406; (2) SpartanNash Company; (3) Patty Greyskye; (4) Thomas Sidebotham; (5) Eric DeLarosa; and (6) Ken. (ECF No. 45). Plaintiff has alleged numerous violations of state and federal law all arising from his brief term of employment with SpartanNash. Defendants now move to dismiss Plaintiff's claims. Plaintiff has responded to the motions. The Court finds that oral argument is unnecessary. *See* W.D. MICH. LCIVR 7.2(d).

## **LEGAL STANDARD**

A motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed

> with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

I.  Defendant Ken

Plaintiff initiated this action on August 8, 2022, and amended his complaint on April 3, 2023. (ECF No. 1, 45). Plaintiff asserts this action against "Supervisor Ken." Plaintiff has failed, however, to identify "Ken" or accomplish service against him.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court - on motion or on its own initiative after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See also*, *Abel v. Harp*, 122 Fed. Appx. 248, 250 (6th Cir., Feb. 16, 2005) ("[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure *compel* dismissal") (emphasis added).

Plaintiff added claims against "Supervisor Ken" when he amended his complaint more than six months ago. Since that time, Plaintiff has not requested an extension of time to identify or serve "Supervisor Ken." Considering Plaintiff's lack of diligence, the undersigned recommends that Plaintiff's claims against "Supervisor Ken" be dismissed without prejudice for failure to timely effect service.

II.     Count I

In Count I of his amended complaint, Plaintiff advances two separate claims that Defendants Greyskye and SpartanNash discriminated against him in violation of Title VII of the Civil Rights Act of 1964 as well as 42 U.S.C. § 1981.

Discrimination claims under Title VII and § 1981 have the same elements and are, therefore, subject to the same analysis. *See, e.g., Brooks v. Dent*, 795 F.Supp.2d 694, 699 (S.D. Ohio 2011). These provisions make it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of the individual's race, color, religion, sex, or national origin. *Ibid.* To prevail on these claims, Plaintiff must establish the following: (1) he is a member of a protected class; (2) he was qualified for the job and performed it satisfactorily; (3) despite his qualifications and performance, he suffered an adverse employment action; and (4) he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class. *Laster v. City of Kalamazoo*, 746 F.3d 714, 727 (6th Cir. 2014).

A.   Defendant SpartanNash

Plaintiff alleges that he was discriminated against following a workplace accident. Specifically, Plaintiff alleges the following. On November 14, 2020, a fellow employee falsely accused Plaintiff of striking him with a work vehicle. (ECF No. 45, PageID.594-95). The employee's claims were investigated and determined to be false, after which the employee was not disciplined. (*Id.*, PageID.595). On December 30, 2022, Plaintiff was struck by a work vehicle being operated by another employee. (*Id.*, PageID.589-90, 594-95). Immediately following the accident, Plaintiff was instructed to "walk it off" and return to work without restriction. (*Id.*, PageID.595). Plaintiff alleges that "the only difference between the employees was race or national origin or ancestry." (*Id.*).

Plaintiff's claim fails for at least two reasons. First, Plaintiff has failed to allege facts from which a reasonable juror could conclude that the alleged difference in treatment about which Plaintiff complains was *because of* his race, color, religion, sex, or national origin. Second, Plaintiff has failed to allege that he experienced an adverse employment action. An adverse employment action is defined as a "materially adverse change in the terms or conditions" of employment and "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Laster*, 746 F.3d at 727. Plaintiff complains that he was not allowed to receive medical treatment immediately following the December 30, 2022 accident, but concedes that he received medical care a short time later following his work shift. (ECF

No. 45, PageID.595). Plaintiff further concedes that this examination revealed no evidence that he suffered any injury in the accident. (*Id.*). In sum, while Plaintiff may be upset that he was not allowed to obtain immediate medical attention following the December 30, 2022 incident, Plaintiff has failed to allege that he suffered an adverse employment action as a result. Accordingly, the undersigned recommends that this claim be dismissed.

    B.    Defendant Greyskye

Plaintiff alleges that a fellow employee, Danielle Bonz, was given "special privileges" because she was "related to" Greyskye. (ECF No. 45, PageID.595). According to Plaintiff, this "made it easier for Ms. Bonz to get paid more than other employees." (*Id.*, PageID.592). Charges of nepotism, however, even if proven, do not constitute unlawful discrimination under Title VII or § 1981. *See, e.g., Betkerur v. Aultman Hospital Association*, 78 F.3d 1079, 1096 (6th Cir. 1996); *Quinn-Hunt v. Bennett Enterprises, Inc.*, 211 Fed. Appx. 452, 458 (6th Cir., Dec. 21, 2006); *Barrett v. Toledo Metropolitan Area Council of Governments*, 2023 WL 2787920 at *3 (N.D. Ohio, Apr. 5, 2023). Accordingly, the undersigned recommends that this claim be dismissed.

    C.    Other Statutory Citations

Plaintiff also cites to 42 U.S.C. § 2000a which prohibits discrimination on the basis of race, color, religion, or national origin in certain places of public accommodation. *See, e.g., Davis v. Med-1 Occupational Health Services*, 2023 WL 5533498 at *2 (W.D. Mich., Aug. 3, 2023). Plaintiff's claim fails for two reasons. First, Plaintiff has failed to allege

that he was subjected to discrimination in any place of public accommodation covered by the cited statute. Second, the cited statute permits only injunctive relief which Plaintiff is not seeking. *Id.* at *4-5 (noting that a claim under § 2000a seeking damages must be dismissed because the statute does not permit a recovery of monetary damages). Accordingly, the undersigned recommends that these claims be dismissed.

Plaintiff also cites to 42 U.S.C. § 2000a-6. This statute simply provides that the district courts of the United States have jurisdiction over claims asserted under 42 U.S.C. § 2000a. This provision does not provide for a cause of action or otherwise afford Plaintiff relief. To the extent, therefore, that Plaintiff seeks to assert a claim under this provision, the undersigned recommends that such be dismissed.

   III.   Count II

Plaintiff alleges that Defendants SpartanNash, Teamsters, and Greyskye violated the following statutes: (1) 15 U.S.C. § 1125 and (2) 18 U.S.C. § 24(a)(2). Section 1125 is part of the Lanhan Act which provides protection for registered marks utilized in commerce. *See, e.g., POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 106-07 (2014). In addition to its trademark specific provisions, the Lanham Act also creates a "broader remedy" to address claims of unfair competition through misleading advertising or labeling. *Id.* at 107. Because Plaintiff has made no allegations concerning trademarks or the infringement thereof, the Court interprets Plaintiff's allegations as invoking this "broader remedy." Such claims fail, however, because such is only available to a plaintiff alleging "an injury to a commercial interest in reputation or sales." *Id.* at 108.

Because Plaintiff makes no such allegations, the undersigned recommends that these claims be dismissed.

Plaintiff next invokes 18 U.S.C. § 24(a)(2), a provision that criminalizes a variety of activities if such are "related to a health care benefit program." *See Doe v. United States*, 253 F.3d 256, 265-66 (6th Cir. 2001). This statute, however, does not provide for a private right of action. *See, e.g., Rutkofske v. Anderson*, 2022 WL 16847680 at *7 (W.D. Mich., Nov. 10, 2022). The undersigned recommends, therefore, that these claims be dismissed.

IV.     Count III

Plaintiff alleges that Defendants SpartanNash, Teamsters, Greyskye, Sidebotham, and DeLarosa violated various federal statutes.

A.      31 U.S.C. § 3729

This provision is part of the False Claims Act, legislation which "imposes significant penalties on those who defraud the Government." *Universal Health Services, Inc. v. United States*, 579 U.S. 176, 180 (2016). Plaintiff's allegations do not implicate the False Claims Act or fraud upon the government. The undersigned recommends, therefore, that these claims be dismissed.

B.      42 U.S.C. § 5122

This provision is the Definitions section of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121, *et seq.* This Act does not create a private right of action, however. *See, e.g., Duffy v. Kent County Levy Court, Inc.*, 2011

WL 748487 at *5 (D. Delaware, Feb. 23, 2011). Accordingly, the undersigned recommends that these claims be dismissed.

    C.    18 U.S.C. § 1349

This provision criminalizes the attempt to commit, or participation in a conspiracy to commit, mail fraud and other fraud. This statute does not provide for a private cause of action. *See, e.g., Deane v. M&T Bank*, 2023 WL 6211776 at *3 (E.D. Va., July 14, 2023). Accordingly, the undersigned recommends that these claims be dismissed.

    D.    18 U.S.C. § 1341

This provision criminalizes mail fraud. This statute does not provide for a private cause of action. *See, e.g., Barnaby v. Michigan State Government*, 2022 WL 19005214 at *4 (W.D. Mich., Dec. 14, 2022). Accordingly, the undersigned recommends that these claims be dismissed.

    E.    18 U.S.C. § 1512

This provision criminalizes witness tampering. This statute does not provide for a private cause of action. *See, e.g., Cassaday v. Dow Chemical Co.*, 2022 WL 4235067 at *2 (E.D. Mich., July 19, 2022). Accordingly, the undersigned recommends that these claims be dismissed.

    V.    Count IV

Plaintiff alleges that Defendants SpartanNash, Teamsters, Greyskye, Sidebotham, and DeLarosa violated various federal statutes.

A. 18 U.S.C. § 241

This provision criminalizes conspiracy to violate another's constitutional rights. This statute does not provide for a private cause of action. *See, e.g., Young v. Overly*, 2018 WL 5311408 at *2 (6th Cir., July 2, 2018). Accordingly, the undersigned recommends that these claims be dismissed.

B. 18 U.S.C. § 641

This provision criminalizes certain forms of embezzlement and theft. This statute does not provide for a private cause of action. *See, e.g., Polinski v. Oneida County Sheriff*, 2023 WL 2988753 at *4 (N.D.N.Y., Apr. 18, 2023). Accordingly, the undersigned recommends that these claims be dismissed.

C. 18 U.S.C. § 3301

This provision criminalizes certain securities fraud. This statute does not provide for a private cause of action. *See, e.g., Aaebo as Trustee of Quindaro Township v. Unified Government of Wyandotte County/Kansas City, Kansas*, 2021 WL 212271 at *2 (D. Kan., Jan. 21, 2021). Accordingly, the undersigned recommends that these claims be dismissed.

D. 18 U.S.C. § 1347

This provision criminalizes Medicare fraud. This statute does not provide for a private cause of action. *See, e.g., Smith v. Spears*, 2018 WL 4523201 at *4 (D.S.C., Feb. 8, 2018). Accordingly, the undersigned recommends that these claims be dismissed.

E.    18 U.S.C. §§ 1961 and 1962(c)

Section 1961, part of the Racketeer Influenced and Corrupt Organizations (RICO) Act, provides a private cause of action for any person "injured in his business or property by reason of a violation of [18 U.S.C. § 1962]."  *McLeod v. Bryant*, 2023 WL 4061661 at *3 (E.D. Mich., Apr. 5, 2023).  To prevail on such claims, Plaintiff must establish: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *See, e.g., Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 403-04 (6th Cir. 2012). Plaintiff has failed to allege facts establishing these elements as to any Defendant. Accordingly, the undersigned recommends that these claims be dismissed.

F.    15 U.S.C. § 78j(b)

This provision makes it unlawful for any person to "use or employ, in connection with the purchase or sale of any security. . .any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe. . ."  Plaintiff has failed to allege facts establishing a violation of this provision.  Accordingly, the undersigned recommends that these claims be dismissed.

G.    15 U.S.C. § 78bb

This provision merely articulates that "federal securities laws are an additional right and remedy to those remedies already existing in equity."  *Prindle v. Lewis*, 2010 WL 4628077 at *6 (N.D. Tex., Oct. 8, 2010).  This provision does not provide for a

separate private cause of action. *Ibid.* Accordingly, the undersigned recommends that these claims be dismissed.

H.  15 U.S.C. § 78ff

This provision merely articulates "the penalties associated with criminal securities violations and civil causes of action brought by the SEC." *Prindle*, 2010 WL 4628077 at *6. This provision does not provide for a separate private cause of action. *Ibid.* Accordingly, the undersigned recommends that these claims be dismissed.

VI.  Count V

Plaintiff alleges that Defendants SpartanNash and Teamsters violated various provisions of the National Labor Relations Act (NLRA). Plaintiff's claims fail for at least two reasons.

First, Plaintiff's allegations fail to state a claim. As noted above, Plaintiff must do more than merely suggest the possibility of a plausible claim. *See Iqbal*, 556 U.S. 678-79 ("only a complaint that states a plausible claim for relief survives a motion to dismiss. . .where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief"). Here, Plaintiff does nothing more than assert the conclusion that "Defendants acted individually in ways that collectively violated" the NLRA. This is insufficient. *See, e.g., Boxill v. O'Grady*, 935 F.3d 510, 518-19 (6th Cir. 2019) (a plaintiff must do more than advance "broad, conclusory allegations that the Defendants" violated his rights, but must instead allege facts specific to each defendant).

Second, to the extent Plaintiff is asserting claims for breach of contract or breach of the duty of fair representation, such are untimely. Such claims are subject to a six-month statute of limitations. *See, e.g., Robinson v. V&S Detroit Galvanizing, LLC*, 195 F.Supp.3d 916, 924 (E.D. Mich. 2016). Plaintiff concedes that his claims are untimely but argues that the statute of limitations does not apply to him because he is indigent. This argument is rejected. Accordingly, the undersigned recommends that these claims be dismissed.

VII. Count VI

Plaintiff alleges that Defendants SpartanNash and Greyskye violated the Fair Labor Standards Act (FLSA) and the Family and Medical Leave Act (FMLA).

A. FLSA

In his amended complaint, Plaintiff "invokes the rights to relief under 29 U.S.C. § 216." (ECF No. 45, PageID.607). Section 216 merely articulates the penalties applicable for violations of various provisions of the FLSA. Plaintiff fails to identify which provision(s) of the FLSA Defendants allegedly violated. Simply advancing the conclusory statement that Defendants violated the FLSA is insufficient to state a claim. The undersigned, therefore, recommends that these claims be dismissed.

B. FMLA

Plaintiff alleges that Defendants retaliated against him in violation of the FMLA. To prevail on this claim, Plaintiff must establish that Defendants discharged or otherwise discriminated against him for exercising his FMLA rights or opposing a

practice unlawful under the FMLA.  *See, e.g., Allen v. City of Sturgis*, 559 F.Supp.2d 837, 845 (W.D. Mich. 2008).   Plaintiff does not allege that he attempted to exercise his FMLA rights or that he opposed any practice by Defendants made unlawful by the FMLA.   Accordingly, the undersigned recommends that these claims be dismissed.

    VIII.  State Law Claims

In addition to the federal law claims discussed herein, Plaintiff asserts various state law claims.   Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction."   Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well."   *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same).   As discussed above, the undersigned recommends that the federal law claims asserted in Plaintiff's amended complaint be dismissed.   Accordingly, the undersigned likewise recommends that the Court decline to exercise jurisdiction over the state law claims asserted in Plaintiff's amended complaint and instead dismiss such without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' motions to dismiss (ECF No. 47, 49, 71, 72), be granted; Plaintiff's claims against Defendant Ken be dismissed without prejudice for failure to timely effect service; Plaintiff's state law claims be dismissed without prejudice; and this action terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 16, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge